IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Universal Tube & Rollform Equipment Corporation<br>26202 Glenwood Rd. Box 287<br>Perrysburg, OH 43552<br><br>      *Plaintiff*<br><br>    -vs-<br><br>YouTube, Inc.<br>2nd Floor 71 E. Third Avenue<br>San Mateo, CA 94401<br><br>      *Defendant* | Case No. 06-2628<br><br><br>Judge:<br><br><br>COMPLAINT WITH REQUEST FOR INJUNCTIVE RELIEF AND WITH JURY DEMAND ENDORSED HEREON. |

    Plaintiff, Universal Tube & Rollform Equipment Corporation ("uTube"), by and through its undersigned attorneys, alleges for its Complaint as follows:

## INTRODUCTION

    1. This action has been filed by uTube, to stop the violation of its legal rights by Defendant YouTube, Inc., whose illegal acts have resulted in the direction of millions of nuisance internet visitors to the Plaintiff's website. Plaintiff has used the internet domain name <utube.com> since 1996 for its business of selling used tube and pipe mills and rollform machinery.

    2. Defendant YouTube, Inc. officially launched its services in December, 2005. YouTube's combination of illegal services and its willingness to lose between $500,000.00 and $1,000,000.00 of its investor's money each month, has catapulted the company's website at <youtube.com> to the top of the internet traffic charts.

1

3. Due to confusion in the minds of consumers, the spillover of nuisance traffic to Plaintiff's neighboring website at <utube.com> has destroyed the value of Plaintiff's trademark and internet property, repeatedly caused the shut down of Plaintiff's website, increased Plaintiff's internet costs by thousands of dollars a month, and damaged the Plaintiff's good reputation. Plaintiff seeks preliminary and permanent Injunctions, the transfer of the <youtube.com> domain to Plaintiff, damages, costs and attorneys' fees as authorized by the Lanham Act and Ohio Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1331 (Federal Question), 15 USC §1121 and 28 USC §1338 (Trademark Disputes), 15 USC §1116 (Injunctive Relief), and 28 USC §2201-02 (Federal Declaratory Judgment Act).

5. This Court has supplemental jurisdiction over the additional causes of action pursuant to 28 USC §1367, as claims so related to other issues in the action that they form part of the same case or controversy.

6. This Court has personal jurisdiction over the defendant due to its continuous and systematic contacts with this district.

7. Venue is proper in the United States District Court for the Northern District of Ohio, Western Division under 28 U.S.C. §§1400(a) and 1391(b).

## THE PARTIES

8. Universal Tube & Rollform Equipment Corporation ("uTube"), is a corporation organized under the laws of the state of Ohio, with its principle place of business in Perrysburg, Ohio.  uTube was formed in 1985.

9. Defendant, YouTube, Inc. ("YouTube"), is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of California.  YouTube was formed on October 14, 2005.

## FACTUAL BACKGROUND

10. Since 1985, Universal Tube & Rollform Equipment Corporation has been committed to being the number one supplier of used tube and pipe mills and rollform machinery in the world.

11. uTube primarily sells reconditioned equipment that makes pipes and tubing from flat coils of metal.

12. uTube has one of the largest selections of used tube and pipe mills in the world. It utilizes over 125,000 square feet of warehouse space, and maintains approximately $6.5 million worth of equipment and inventory on hand.

13. uTube also represents many new equipment manufacturers and offers rebuilding, engineering, import and export services.

14. In 1996, uTube purchased the domain name <utube.com> as its first step toward establishing a presence on the internet. uTube's website has developed into an important source of contact between the company and its customers, representatives, suppliers, prospective customers and other interested parties. The website is essential to the continued success and future prospects of the company.

15. Since its inception, uTube has spent more than $1.5 million in advertising and promotion of its trade name, trademarks, products, services, and its www.utube.com website.

16. uTube has also applied for federal registration of the UTUBE mark and is the owner of U.S. Trademark Application Serial No. 77/023852 with the United States Patent and Trademark Office.

17. The predecessors of YouTube Inc. registered the domain name <youtube.com> much more recently, in February of 2005.

18. After incorporating in Delaware in October 2005, Defendant, with the aid of experienced counsel and with funding from an established venture capital firm, went forward with its site's official public release in December, 2005.

19. YouTube and its website were created to allow people to watch and share videos worldwide through the internet with virtually no accountability as to the subject matter or legality of the videos. YouTube facilitates the infringement of copyrighted works and the dissemination of illegal pornography through its service.

20. YouTube condones the public exhibition of lewd and other disgusting videos which depict:

      **A man committing suicide** - http://www.youtube.com/watch?v=51dpzsp6tH8
      **Torture fetish** - http://www.youtube.com/watch?v=iGeSiaF9Orw
      **Tampon fetish** - http://www.youtube.com/watch?v=K9ybX7zckxc

3

> **Pubic hair fetish** - http://www.youtube.com/watch?v=ZtRLlJfBOZE
> **Discussion of corpse defilement** - http://www.youtube.com/watch?v=92aUX_fgc-U
> **Child pornography** - http://www.youtube.com/watch?v=DeD-mzsfBIg&mode=related&search

21.  By the time of YouTube's official public release, it was becoming clear that its users were sharing more than just their own videos to their own circles of friends.

22.  YouTube's website visitors viewed, millions of times over, unauthorized copyrighted material from major television networks such as NBC, ABC, CBS, and Fox, from the cable networks, and from a number of other media sources.

23.  What was originally started in February, 2005 – prior to the Grokster decision -- as a personal video sharing service, has since morphed and grown into the leading video entertainment destination on the Internet, with people watching more than 100 million videos on the site daily.

24.  This dramatic and progressive increase in internet traffic is significantly based upon YouTube's illegal content and its lack of fiscal responsibility which allows it to continue to lose, upon information and belief, between $500,000 and $1,000,000 per month.

25.  YouTube is believed to have more than seven million videos currently posted, with more than 65,000 additional videos being uploaded daily. It has been reported that Youtube's video service currently accounts for sixty percent (60%) of all videos watched online.

26.  Upon information and belief YouTube's website currently attracts millions of visitors per day.

27.  News reports indicate that YouTube recently removed nearly 30,000 videos after complaints from a number of Japanese copyright owners. The videos allegedly contained copyright infringing material purloined from Japanese movies, music videos, and television.

28.  Despite knowledge of such large-scale infringing activity, YouTube has willfully engaged in, and continues to engage in, and benefit from, the business of unauthorized reproduction, distribution, and/or public performance of copyrighted works.

29.  As a result of its actions, Youtube has been sued by Paramount Pictures and by Robert Tur for copyright infringement. Tur is the photographer of the O.J. Simpson chase scene and of the shocking attack upon Reginald Denny at the start of the 1992 Los Angeles riots. Tur's

video is the subject of unauthorized postings and viewings at the Youtube site. News reports suggest that Youtube will become a major litigation target in light of its activities. Plaintiff is aware that at least one law enforcement agency has attempted to contact YouTube to demand removal of a video posting featuring child pornography.

30. On or about October 10, 2006, Google announced that it intended to acquire YouTube for $1.65 billion in stock. This announcement dramatically increased the internet traffic to <youtube.com>.

31. As Youtube's internet traffic increased, so did the traffic to Plaintiff's website at <utube.com>. Plaintiff's website traffic has increased from a few thousand visitors per month to approximately 70,000 visitors per day, and is still climbing. The visitors mistakenly arrive at Plaintiff's website as a result of confusion as to the source of Plaintiff's and Defendant's services caused by the similarity of <utube.com> to <youtube.com>.

32. The recent, dramatic increase in traffic to Plaintiff's <utube.com> website has caused Plaintiff's web servers to crash on multiple occasions. Finally, Plaintiff was forced to change internet service providers multiple times because its original service provider did not have sufficient bandwidth to support such massive traffic loads. As a result, Plaintiff's internet hosting fees have increased from less than $100.00 per month to more than $2,500.00 per month.

33. The 70,000 confused <utube.com> internet website visitors are not the kinds of visitors that Plaintiff wants at its website. Furthermore, these unwanted visitors often fill out Plaintiff's sales request form at <utube.com> seeking more information in a vulgar and belligerent manner.

34. Exhibit 1 is a message left by one visitor who asks "WHERE THE FUCK ARE ALL THE VIDEOS??? 1.5 BILLION FOR THIS PIECE OE SHIT WEBSITE? GOOGLE GOT TAKEN!"

35. Exhibit 2 is an inquiry from a police department in Australia. It states: "YOU CURRENTLY HAVE A VIDEO TITLED CUNT THE MOVIE. IT MAY CONTAIN CHILD PORN AS THE PEOPLE IN IT ARE UNDER AGE. PLEASE REMOVE IT FROM THE SITE. COULD YOU PLEASE ALSO ADVISE ME IF YOU ARE ABLE, WHO UPLOADED IT ONTO YOUR SITE. REGARDS, SIMON CLEMENCE DETECTIVE SENIOR SERGEANT VICTORIA POLICE SEXUAL CRIMES"

36. Exhibit 3 is from an individual who claims his email address is fuckyou@utube.com. He wonders "where r da videos? Youtube roxman, but what happened to videos?". While Youtube provides content of interest to these individuals, uTube does not.

37. Plaintiff has received hundreds of similar mistaken inquiries from persons around the world and continues to receive such mistaken and burdensome inquiries each day.

38. Plaintiff's owners, employees and staff have been forced to devote substantial time and effort on a daily basis to sorting through the unwanted volume of mistaken inquiries looking for legitimate business inquiries from existing and prospective customers.

39. Access to Plaintiff's website has been substantially disrupted or paralyzed entirely. Plaintiff has been notified by legitimate customers and representatives of their inability to reach Plaintiff's website. Plaintiff believes that it has lost sales as a result of the confusion and disruption caused by the Defendant.

40. Plaintiff has received telephone calls from persons confused about the websites. Plaintiff has also received many inquiries from news organizations inquiring about the effects of the confusion caused by the Defendant's <youtube.com> website.

41. As a result of the acts of Defendant, Plaintiff has suffered injury to its ability to conduct business, to its reputation, to its trademark rights, and has been deprived of its right to the quiet enjoyment of its domain name. Plaintiff has lost its kingdom with its domain.

## FIRST CLAIM FOR RELIEF
(Unfair Competition - 15 U.S.C. §1125(a))

42. uTube incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. As a direct result of uTube's longstanding use of the mark UTUBE in interstate commerce, sales, advertising and marketing, it has acquired trademark rights to the mark UTUBE.

44. Defendant's use of the YOUTUBE mark is likely to cause, and has caused, consumer confusion as to the origin of the goods or services rendered under the UTUBE mark either through initial interest confusion, actual confusion or reverse confusion.

45. Consumers believe that the Plaintiff's website is owned and operated by the Defendant and that they can find videos, including illegal copyrighted materials and pornography, there.

46. The public has now come to associate the UTUBE mark with the Defendant and mistakenly believes the Plaintiff to be the infringer or pornographer when it uses the mark.

47. The infringing acts of Defendant have damaged, and will damage, the good will and reputation of uTube and will destroy the UTUBE mark.

48. The Defendant has obtained gains, profits and advantages as a result of its infringing use of YOUTUBE as a mark. uTube has suffered monetary damages as a result of the Defendant's acts.

49. These acts constitute a violation of Section 43 of The Lanham Act, 15 U.S.C. §1125(a).

50. As a direct and proximate result of the actions of YouTube, Plaintiff has been damaged in an amount to be proven at trial and is entitled to recovery of YouTube's profits, of actual damages and punitive damages. Plaintiff further seeks injunctive relief and the transfer of the infringing domain name as well as attorneys fees and the costs of this action.

## SECOND CLAIM FOR RELIEF
(Cancellation of YouTube's Trademark Applications)

51. uTube incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

52. This Court has authority to determine the right to registration of a trademark and order its cancellation under Section 37 of the Lanham Act, 15 U.S.C. §1119 and 15 U.S.C. § 1064.

53. YouTube has filed U.S. Trademark Applications Serial Nos. 78/802261 and 78/802278 with the United States Patent and Trademark Office ("USPTO") for the mark YOUTUBE and the words and design respectively.

54. Plaintiff has pre-empted the USPTO ruling on these trademark issues and placed them before this Court through its filing of the present action.

55. Plaintiff seeks the cancellation of U.S. TM App. Ser. Nos. 78/802261 and 78/802278 on the grounds that YouTube's application cannot be granted because Plaintiff is the first user of the UTUBE mark for goods and services in U.S. commerce. YouTube's planned and existing use of the mark creates not just a likelihood of confusion, but actual and substantial consumer confusion, as to the sources of the respective goods and services of the Plaintiff and Defendant.

56. Plaintiff, as first user of the UTUBE mark, therefore seeks cancellation of Youtube's U.S. Trademark Applications 78/802261 and 78/802278 pursuant to the Court's authority under 15 U.S.C. §1119 and 15 U.S.C. § 1064.

### THIRD CLAIM FOR RELIEF
(Dilution under Ohio Law)

57. uTube incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

58. Defendant's use of the YOUTUBE mark operates to whittle away and disperse in the mind of the public the unique identity of the Plaintiff's UTUBE mark.

59. The UTUBE mark is distinctive and a strong mark, as there can only be one internet domain in the entire world named <utube.com>.

60. Defendant's use of a confusingly similar domain name and website has diluted the strength of the Plaintiff's mark by blurring and diminishment.

61. Defendant's use also dilutes Plaintiff's mark through tarnishment since Defendant provides infringing material and pornographic material on its website.

62. Defendants' actions have appropriated and exploited the Plaintiff's mark.

63. The UTUBE mark and the YOUTUBE marks are substantially similar marks.

64. Plaintiff has no desire to be confused with YouTube and its disgusting and illegal content.

65. As a direct and proximate result of the actions of YouTube, Plaintiff has been damaged in an amount to be proven at trial and is entitled to recovery of actual damages, and punitive damages. Plaintiff further seeks a preliminary and perment injunction stopping the Defendant from using <youtube.com>, the transfer of the infringing domain name, and attorneys fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
(Trespass to chattels)

66. uTube incorporates by reference paragraphs 1 through 65 as though fully set forth herein.

67. Plaintiff owns the chattel <utube.com> and the rights to utilize it.

68. Defendant's actions have diminished the value, quality or condition of the chattel.

69. Plaintiff hosts its website on certain server computers connected to the internet.

70. Defendant's actions have caused the shut down and crashing of those servers, and increased expense to the Plaintiff as a result of increased traffic meant for Defendant.

71. Defendant's actions have diminished the value of Plaintiff's possessory interest in its computer network and website.

72. As a direct and proximate result of the actions of YouTube, Plaintiff has been damaged in an amount to be proven at trial, and is entitled to recovery of actual damages and punitive damages.  Plaintiff further seeks a preliminary and permanent injunction stopping the Defendant from using <youtube.com>, the transfer of the infringing domain name, and attorneys fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
(Nuisance)

73. uTube incorporates by reference paragraphs 1 through 72 as though fully set forth herein.

74. Both Plaintiff and Defendant maintain a location and presence on the internet.

75. The <youtube.com> domain name is almost identical to the domain name <utube.com> and therefore can be said to be adjacent to it on the internet.

76. YouTube operates a place on the internet where lewd, indecent, lascivious, pornographic or obscene videos are permitted and exist for public exhibition to all including children.

77. YouTube's operation of the website at <youtube.com> wrongfully interferes with or annoys Plaintiff in the enjoyment of his legal rights.  The tens of thousands of confused internet visitors to <utube.com> each and every day create a nuisance not unlike a noxious odor.

78. In addition to damage to his reputation, trademark, and domain name, Plaintiff has suffered personal inconvenience, annoyance or discomfort as damages.

79. As a direct and proximate result of the actions of YouTube, Plaintiff has been damaged in an amount to be proven at trial, and is entitled to recovery of actual damages and punitive damages for the injury done to its property and reputation.  Plaintiff further seeks a preliminary and permanent injunction stopping the Defendant from using <youtube.com>, the transfer of the infringing domain name, and attorneys fees and the costs of this action.

## SIXTH CLAIM FOR RELIEF
(Negligence)

80. uTube incorporates by reference paragraphs 1 through 79 as though fully set forth herein.

81. A reasonably prudent person would have anticipated that an injury was likely to result from the acts of the Defendant.

82. Therefore YouTube owes Plaintiff a duty to exercise due care in the operation of its internet website based upon the forseeability of the harms which have occurred.

83. YouTube has breached that duty.

84. The breach was the proximate cause of Plaintiff's injuries.

85. As a direct and proximate result of the actions of YouTube, Plaintiff has been damaged in an amount to be proven at trial, and is entitled to recovery of actual damages and punitive damages for the injury done to its property and reputation.  Plaintiff further seeks a preliminary and permanent injunction stopping the Defendant from using <youtube.com>, the transfer of the infringing domain name, and attorneys fees and the costs of this action.

## SEVENTH CLAIM FOR RELIEF
(Deceptive Trade Practices Act R.C. 4165.02)

86. uTube incorporates by reference paragraphs 1 through 85 as though fully set forth herein.

87. UTUBE is a "mark", "service mark", "trademark" and "trade name" pursuant to R.C. § 4165.01 (C), (E), (F), and (G).

88. The Defendant is a "person" pursuant to R.C. § 4165.01 (D).

89. The Defendant's use of the <youtube.com> domain name causes a likelihood of confusion among internet users as to the source, sponsorship, approval, or certification of its goods or services.

90. The Defendant's use of the <youtube.com> domain name is a deceptive representation as to the source or origin of its website and services.

91. The Defendant's use of the <youtube.com> domain name causes a likelihood of confusion or misunderstanding among internet users as to affiliation, connection, or association with, or certification by the Plaintiff's website.

92. The Defendant's use of the <youtube.com> domain name tends to create a false impression sufficient to warrant injunctive relief under Ohio Deceptive Trade Practices Act. R.C. § 4165.02.

93. As a direct and proximate result of the actions of YouTube, Plaintiff has been damaged in an amount to be proven at trial, and is entitled to recovery of actual damages and punitive damages for the injury done to its property and reputation. Plaintiff further seeks a preliminary and permanent injunction stopping the Defendant from using <youtube.com>, the transfer of the infringing domain name, and attorneys fees and the costs of this action.

WHEREFORE, Plaintiff demands entry of a judgment against Defendant as follows:

1. Preliminary and permanent injunctive relief restraining Defendant, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

   (a) further infringing uTube's trademarks by the use of the <youtube.com> domain name or the YOUTUBE mark;

   (b) engaging in any other activity constituting unfair competition with uTube, or constituting an infringement of any of uTube's trademarks, or of uTube's rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of uTube's marks, or good will;

11

    (c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

    (d) from aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon uTube's trademarks;

    (e) from using or continuing to use the YOUTUBE mark or any variation thereof on the Internet (either in the text of a website, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by uTube; and

    (f) from using any e-mail addresses bearing the UTUBE mark or offering for sale any non-genuine services bearing the UTUBE mark or confusingly similar designations in U.S. commerce.

2. Directing that Defendant deliver for destruction all unauthorized goods or materials, including advertising materials, web pages and code, domain names, merchandise, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of uTube's trademarks or any simulation, reproduction, copy or colorable imitations thereof, and all plates, molds, originals, tapes, media, heat transfers, screens, matrices and other means of making the same.

3. Directing that Defendant show its compliance with the above by presenting uTube with a sworn statement setting forth in detail the manner in which Defendant has complied with this injunction pursuant to 15 U.S.C. § 1116(a) and 15 U.S.C. §1118.

4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured or services rendered, sold or otherwise circulated or promoted by Defendant are authorized by uTube or related in any way to uTube's products.

5. That uTube be awarded Defendant's profits derived from revenue obtained through its infringing use of the UTUBE mark.

6. That uTube be awarded from Defendant three times its profits from infringing sales after an accounting pursuant to 15 U.S.C§1125(a) and §1117 and such amounts required to conduct reparative advertising as may be needed.

7. That uTube be awarded its actual damages and reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. §1117.

8. Ordering that, pursuant to 11 U.S.C. §523(a)(6), Defendant be prohibited from a discharge under 11 U.S.C. §727 for malicious, willful and fraudulent injury to uTube.

9. That uTube be awarded its costs in bringing this action.

10. That this Court will retain jurisdiction of this action for the purpose of enabling uTube to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

11. That the Plaintiff have such other and further relief that this Court deems just.

Dated: October 30, 2006

Respectfully submitted,

/s/ Anthony J. DeGidio
Anthony J. DeGidio (# 0069064)
Fraser Martin & Miller LLC
28366 Kensington Lane
Perrysburg, OH 43551-1401
419-874-1100
Fax: 419-874-1130
Email: tony@cyberlawyer.com
Co-Counsel for Plaintiff, Universal Tube
& Rollform Equipment Corporation

/s/ Richard G. Martin
Richard G. Martin (# 0043822)
Fraser Martin & Miller LLC
28366 Kensington Lane
Perrysburg, OH 43551-1401
419-874-1100
Fax: 419-874-1130
Email: martin@fraser-ip.com
Co-Counsel for Plaintiff, Universal Tube
& Rollform Equipment Corporation

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable to a jury.

/s/ Anthony DeGidio
Anthony J. DeGidio (0069064)
Attorney for Plaintiff
