IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Universal Tube & Rollform Equipment Corporation<br><br>*Plaintiff*<br><br>-vs-<br><br>YouTube, Inc.<br><br>and<br><br>Chad Hurley<br><br>and<br><br>Steve Chen<br><br>*Defendants* | Case No. 06-2628<br><br><br>Chief Judge James G. Carr<br><br><br>REPORT OF PARTIES' PLANNING MEETING UNDER FED.R.CIV.P.26(F) and Local rule 16.3(b) |

1.　　Pursuant to Fed.R.Civ.P.26(f) and Local Rule 16.3(b), a meeting was held on February 20, 2007, and was attended by:

　　Anthony J. DeGidio, Jr. Counsel for Plaintiff Universal Tube & Rollform Equipment Corp.

　　Richard G. Martin Counsel for Plaintiff Universal Tube & Rollform Equipment Corp.

　　Michael H. Page Counsel for Defendant YouTube, Inc.

2.  The parties:

    _____  have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order;
    
    __X__  will exchange such disclosures <u>14 days after the ruling on Defendant's motion to dismiss</u>;
    
    _____  have not been required to make initial disclosures.

3.  The parties recommend the following track:

    \_\_\_\_\_Expedited      __X__Standard      \_\_\_\_\_Complex

    \_\_\_\_\_Administrative      \_\_\_\_\_Mass Tort

4.  This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

    \_\_\_\_\_Early Neutral Evaluation
    __X__Mediation (Not initially but perhaps after discovery is complete.)
    \_\_\_\_\_Arbitration      \_\_\_\_\_Summary Jury Trial
    \_\_\_\_\_Summary Bench Trial      \_\_\_\_\_Case not suitable for ADR

5.  The parties\_\_\_\_do/__X__do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

6.  Recommended Discovery Plan:
    (a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

    <u>Defendants anticipate taking discovery in the following general areas</u>: The acquisition, use, and registration of any claimed trademarks; whether Universal's marks have achieved secondary meaning or fame; any harm allegedly suffered by Universal; Universal's ownership of any chattel or property upon which defendants are alleged to have trespassed; any evidence of actual or likelihood of confusion; Universal's decision to monetize traffic from persons arriving at its website when trying to reach YouTube; Universal's revenues and expenditures in connection with its website at all relevant times. Defendants dispute whether Plaintiff's intended scope of discovery is proper.

    <u>Plaintiff</u> anticipates seeking discovery related to the elements and defenses of its claims including knowledge and planning by Youtube of its illegal acts and its knowledge of Plaintiff, likelihood of confusion, evidence relating to infringement of copyrighted works, acts taken by Youtube to prevent the publishing of infringing works, evidence of damages including Youtube's sales and profits, and evidence relating to Youtube's growth based upon the provision of infringing works.

    (b) Discovery cut-off date:  <u>Six months after the close of pleadings.</u>

7.    Recommended dispositive motion date:  <u>Two months after the close of discovery.</u>

8.    Recommended cut-off for amending the pleadings and/or adding additional parties: <u>Thirty days after the due date for Plaintiff's answer to counterclaims.</u>

9.    Recommended date for a status hearing: <u>To be discussed at the Case Management Conference.</u>

10.    Other matters for the attention of the Court:  <u>None</u>

    Attorney for Plaintiffs:  <u>   /s/ Anthony J. DeGidio Jr            </u>

    Anthony J. DiGidio, Jr.

    Attorney for Defendants:  <u> /s/ Michael H. Page (per telephonic consent)</u>

    Michael H. Page

7