IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Universal Tube & Rollform
  Equipment Corporation,

    Plaintiff,

  v.

YouTube, Inc., et al.,

    Defendants.

Case No.: 3:06CV02628

ORDER

  This is a case about two very different types of "tubes." Universal Tube & Rollform Equipment Corporation (Universal), a supplier of used tube and pipe mills and rollform machinery, filed this suit against YouTube, Inc. (YouTube), a well-known provider of online video content, and YouTube's co-founders, Chad Hurley and Steve Chen. According to the complaint, YouTube, which operates a website at www.youtube.com (youtube.com), infringed upon various rights related to Universal's website, www.utube.com (utube.com).

  Universal asserts several federal and state causes of action: 1) violation of § 43 of the Lanham Act, 15 U.S.C. §1125(a); 2) trademark dilution under Ohio law; 3) trespass to chattels; 4) nuisance; 5) negligence; 6) violation of the Ohio Deceptive Trade Practices Act, O.R.C. §4165.02;

and 7) violation of Ohio RICO O.R.C. §2923.32 by Chad Hurley and Steve Chen. Universal seeks money damages, costs and attorneys' fees, as well as injunctive relief seeking, *inter alia*, to cancel trademark applications filed by YouTube under 15 U.S.C. §§ 1064, 1119, stop the operation of youtube.com, deliver profits from the operation of youtube.com to Universal, and cause transfer of the youtube.com domain name to Universal.

Pending is defendants' motion to dismiss Universal's second amended complaint for lack of jurisdiction and failure to state a claim. For the reasons that follow, the motion to dismiss shall be granted in part and denied in part.

**Background**

Universal, which has been in the business of supplying used tube and pipe mills and rollform machinery for over two decades, purchased the www.utube.com domain name in 1996. At some later point not specified in the complaint, Universal applied for federal registration of the UTUBE mark.

The predecessors of YouTube registered the youtube.com domain name in February, 2005. The company was later incorporated in October, 2005, and its website publicly launched in December, 2005.

Universal claims that the presence of youtube.com has caused several problems. Traffic at utube.com's website increased from a "few thousand" visitors per month before youtube.com began operating to approximately 70,000 visitors *per day*. This influx of visitors has caused Universal's web servers to crash on multiple occasions. This, in turn, impedes access to Universal's website by its customers, with a resultant loss in sales.

Universal also contends that its internet hosting fees (fees paid to third parties to host the utube.com website on third party computers) increased from less than $100.00 per month to more than $2,500 per month. The unintended visitors have also disrupted Universal's business by leaving inappropriate and harassing messages through the utube.com site.

Finally, Universal maintains that confusion between the two websites has tarnished Universal's reputation.

## Discussion

### 1. The Lanham Act

### A. Unfair Competition

Defendants argue that plaintiff's unfair competition claim under the Lanham Act, 15 U.S.C. §1125(a), fails as a matter of law. They contend that Universal fails to allege that "UTUBE" is a protectable mark; in addition, they assert that prior to this suit Universal used UTUBE only as part of its domain name, and not as a mark.

Plaintiff claims that it has met the bare requirements for pleading. Universal claims that it need not detail any facts relating to its use of the UTUBE mark in commerce other than its use of the term as part of its domain name for several years. Moreover, Universal contends that there is no *per se* rule against finding that, because a company has used a term as part of its domain name, the "use in commerce" requirement can be satisfied.

In reply, YouTube agrees with Universal that there is no *per se* rule against a domain name fulfilling the "use in commerce" requirement. YouTube, however, claims that one must still plead some facts that the domain name was actually used in commerce.

The Lanham Act provides a cause of action for infringement of a mark that has not been federally registered. 15 U.S.C. §1125(a); *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760-61 (6th Cir. 2005). The Sixth Circuit has stated that "[w]hen evaluating a Lanham Act claim for infringement of an unregistered mark, courts must determine whether the mark is protectable, and if so, whether there is a likelihood of confusion as a result of the would-be infringer's use of the mark." *Id*. at 761.

Specifically, 15 U.S.C. §1125(a) requires plaintiff to prove: "1) ownership of a specific . . . mark in connection with specific [goods or] services; 2) continuous use of the . . . mark; 3) establishment of secondary meaning if the mark is descriptive; and 4) a likelihood of confusion amongst consumers due to the contemporaneous use of the parties' . . . marks in connection with the parties' respective [goods or] services." *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1105 (6th Cir. 1991).

YouTube argues that Universal failed to plead adequately that the UTUBE mark is distinctive or has a secondary meaning. YouTube also argues that Universal's bare assertion of "use of the mark UTUBE" is not sufficient to plead the "use" element, and moreover, that it must allege to have used the mark to identify and distinguish its goods or services from those of others. In other words, YouTube claims that Universal has not adequately plead the first, second or third elements identified by *Homeowners*. *See id*.

Neither the Supreme Court nor the Sixth Circuit has specifically delineated the level of detail necessary for allegations of a claim of infringement of an unregistered mark to overcome a motion to dismiss.

Such motion must be evaluated by construing the complaint in a light most favorable to the plaintiff, accepting all factual allegations as true, and determining whether the plaintiff can prove any set of facts to support his claims. *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Allegations capable of more than one inference must be construed in the plaintiff's favor. *Claybrook v. Birchwell*, 199 F.3d 350, 354 (6th Cir. 2000); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

Though "decidedly liberal," this standard of review still "require[s] more than the bare assertion of legal conclusions." *Empire Home Services, L.L.C. v. Empire Iron Works, Inc.*, 2006 WL 2269507, *4 (E.D. Mich.) (citing *Anderson v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)). Most important, however, is that the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*, *4 (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001)); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) ("In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'").

Regardless of whether the infringement claim appears to be feeble, plaintiff has provided defendant notice of the claim and basic grounds therefor. Plaintiff has indicated that it is bringing a claim for infringement of an unregistered mark under the Lanham Act. Universal states that utube.com is "an important source of contact between the company and its customers, representatives, suppliers, prospective customers and other interested parties." According to the complaint, Universal has spent $1.5 million advertising, *inter alia*, utube.com. Universal has set out in detailed fashion facts about the confusion displayed by site visitors. Universal, by alleging that

sales have been lost when its website crashed, has alleged, at least inferentially and indirectly, that utube.com facilitates sales when it is up and running.

Numerous courts have denied motions to dismiss claims involving similar allegations of trademark infringement under the Lanham Act. *See Papa John's Int'l, Inc. v. Rezko*, 446 F. Supp. 2d 801, 807 (N.D. Ill. 2006); *AMD Southfield Michigan Ltd. Partnership v. Michigan Open MRI LLC*, 337 F.Supp.2d 978, 984 (E.D. Mich. 2004); *Wallace Computer Services, Inc. v. Adams Business Forms, Inc.*, 837 F.Supp. 1413, 1421 (N.D. Ill. 1993); *Empire Home Services, L.L.C. v. Empire Iron Works, Inc.*, 2006 WL 2269507, *5-6 (E.D. Mich.); *Coexist, LLP v. Cafepress.com*, 2006 WL 120183, *2 (S.D. Ind.); *Toyota Jidosha Kabushiki Kaisha v. Natural Health Trends Corp.*, 2005 WL 1041112, 74 U.S.P.Q.2d 1475, 1479-80 (C.D. Cal.); *Mister Softee, Inc. v. Marerro*, 2004 WL 2368009, *3 (S.D.N.Y. 2004).

For instance, even though one court "agree[d] with defendants that plaintiff's second amended complaint lacks factual support for its trademark infringement and unfair competition claims," the court "did not . . . agree that such failure is fatal to plaintiff's complaint." *Papa John's*, 446 F. Supp. 2d at 807. The court's rationale was that "federal courts act under a notice pleading, and not a fact pleading regime," and that there is "'no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions . . . listed in Rule 9.'" *Id.* (citing *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002)).

YouTube also agrees with Universal that "there is no *per se* rule that a domain name cannot be a trademark," but argues that Universal has not alleged facts about the various ways utube.com was "used as [a] trademark." Universal, however, has alleged that it spent funds advertising utube.com. Whether utube.com was actually used as a trademark in that advertising, instead of being

a simple, unadorned URL, and thus provided as contact information, much like a telephone number, depends on the nature and content of that advertising – something to be assessed at a later stage of this suit.

Finally, it should be noted that YouTube's primary complaints with the infringement claim – a lack of specifics regarding the allegations against it – are more suited to a Fed. R. Civ. P. 12(e) motion for more definite statement. *See Coexist, LLP v. Cafepress.com*, 2006 WL 120183, *2 (S.D. Ind.).

### B. Cancellation of Trademark Applications

Defendants assert that no cause of action exists under federal law permitting this court to cancel YouTube's trademark application. That provision, 15 U.S.C. §1119, gives courts the power to order the cancellation of a registered mark (i.e. a mark whose application has already been approved). Plaintiff also cites 15 U.S.C. §1064, which provides the requirements for a petition to cancel the registration of a mark.

Universal contends that 15 U.S.C. §1119 should not be read so literally. Moreover, although it is a question of first impression in the Sixth Circuit concerning whether a district court can cancel a trademark application, there is ample precedent from other circuits supporting such a power. Plaintiff, however, points only to situations where a decision by the Patent and Trademark Office [PTO] is appealed or where the court dealt with a mark that was already registered, neither of which applies to the present case.

Other courts have rejected similar arguments about the power to preempt the PTO by canceling applications. *Whitney Information Network, Inc. v. Gagnon*, 353 F.Supp.2d 1208, 1211 (M.D. Fla. 2005); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 241 (S.D.N.Y.

2000) ("[B]y its terms, § 37 contemplates an action involving a registered trademark."); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 48 U.S.P.Q.2d 1385, 1386-87 (W.D. Wis. 1998).

In *Whitney*, the court, dealing with an identical issue, stated:

> In Count One of the Counterclaim, Defendants request, pursuant to 15 U.S.C. §§ 1064 and 1119, that the Court declare the service marks to be invalid and unenforceable and cancel Plaintiffs' applications for registration of the service marks. Plaintiffs contend that Count One must be dismissed for failure to state a claim. More specifically, Plaintiffs contend that the statutes only allow a court to cancel a registered mark, not an application for a service mark, and because there is currently no registered mark, there can be no cause of action for cancellation or invalidation of the mark. The Court agrees with Plaintiffs.

353 F.Supp.2d at 1211.

The court in *Whitney* granted the motion to dismiss the counterclaim because the court "conclude[d] that in order to state a claim under these statutory provisions, one of the parties must hold a registered trademark with the USPTO; the existence of a pending application is not sufficient." *Id*. After surveying cases on the subject, another court noted that "[i]n virtually every case in which a federal court has found authorization to determine the initial registerability of a mark under Section 1119, that registerability determination was tied directly to a challenge to an existing competing registration or a claim of infringement based on an existing registration." *Johnny Blastoff*, 48 U.S.P.Q.2d at 1393. In this case, Universal has failed to tie its claim to any existing registration. Although the other decisions on the topic, noted *supra*, are by no means binding on this court, their logic is persuasive.

Applying the plain meaning of the statutory text, as other courts have done, leads to dismissal of plaintiff's claim seeking cancellation of defendant's trademark application.

### 2. Dilution Under Ohio Law

YouTube seeks to dismiss Universal's claim for dilution under Ohio law. YouTube argues that Universal has failed to plead that its mark is famous and that fame is a prerequisite to recovery.

In its complaint, Universal alleges that its mark is "strong," but it does not claim that its mark is "famous."

Both parties agree that Ohio does not require a senior user's mark to be "nationally famous" to recover for dilution. Both also agree that one may sue for dilution of a mark that is only famous in a "particular geographic or product area." Universal, however, contends that fame is not required at all, while YouTube insists that fame, at the very least a regional fame, is required for a dilution claim in Ohio.

Ohio recognizes a claim for the dilution of a senior user's mark against a junior user that uses a similar mark. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 424 (6th Cir. 1999); *Ameritech, Inc. v. Am. Info. Techs. Corp.*, 811 F.2d 960, 965 (6th Cir. 1987); *Reed Elsevier, Inc., v. thelaw.net Corp.*, 269 F. Supp. 2d 942, 952 (S.D. Ohio 2003); *Nat'l City Bank v. Nat'l City Window Cleaning Co.*, 174 Ohio St. 510, 513 (1963). The senior user's mark must be distinctive. *Ameritech*, 811 F.2d at 965. Moreover, the mark must be well-known, at least in a particular product area or geographic region. *Ameritech*, 811 F.2d at 965. While the Lanham Act uses the word, "famous," courts interpreting Ohio's common law action for dilution have used different, but related, adjectives to describe the requirements of a dilution claim. *See Jet*, 165 F.3d at 424 ("the senior user must demonstrate that it has a *famous* mark") (emphasis supplied)*; Ameritech*, 811 F.2d at 965 ("Plaintiff's trademark need not be nationally *famous*, however, for a mark that is *strong* in a particular geographical or product area also deserves protection.") (emphasis supplied).

Courts interpreting the anti-dilution laws of other jurisdictions have often found "strength" to be an important requirement for a dilution claim. *See*, *e.g.*, *Fruit of Loom, Inc. v. Girouard*, 994 F.2d 1359 (9th Cir. 1993); *Continental Corrugated Container Corp. v. Continental Group, Inc.*, 462 F. Supp. 200 (S.D.N.Y. 1978). Regardless of whether Ohio law requires "strength," "fame," either of the two, or both of them, the two concepts are sufficiently related that Universal's allegation of having a "strong" mark puts YouTube on notice of the claims against it. *See J. Thomas McCarthy*, *McCarthy on Trademarks and Unfair Competition* §11:83 (4th ed. 2007) (describing how "fame" is a component of "strength").

Universal alleges in its complaint that the "UTUBE mark is distinctive and a strong mark." Plaintiff is not required to invoke any magic words, such as the word, "famous," in order to state a claim. Because Universal alleges that its mark is "strong" and that it has expended significant funds advertising its utube.com website, it would be inappropriate to dismiss Universal's dilution claim. YouTube now has adequate notice of such claim.

### 3. Trespass to Chattels

Universal claims relief for trespass to chattels. Plaintiff says it "owns the chattel <utube.com>" and that YouTube's actions have "diminished the value, quality or condition of the chattel." Universal also alleges that it "hosts its website on certain server computers" and that YouTube has caused those computers to "shut down and crash[]."

YouTube seeks to dismiss Universal's claim for trespass to chattels on several grounds. First, YouTube claims that Universal has failed to make the necessary allegation that YouTube intentionally came into physical contact with Universal's property. Instead, mistaken internet visitors are the ones who make contact with Universal's website.

Second, YouTube argues that utube.com is a website, and that websites do not meet the definition of chattel. According to YouTube, "chattel" must be movable, physical, personal property, which a website is not.

Universal argues that both the domain name and the webservers that plaintiff leases are the chattels involved in this case. Plaintiff also challenges whether intentionality is an element of trespass to chattel under Ohio law. Plaintiff urges the court to allow the claim to continue so that its "novel claim" can be fleshed out with facts.

Universal also argues that to satisfy the requirements of its claim, the "intermeddling" with its chattel need not be performed by YouTube itself, but instead could be performed indirectly by third parties, so long as the harm is still attributable to YouTube's use of its domain name.

Even if a domain name does not qualify as chattel, Universal argues in its briefs that it has a "personal property interest" in the computer system that hosts the utube.com website. Universal represents through its briefs that it has a contractual agreement that is "essentially" a "lease for the use of a specific portion of the computer system."

Despite being a well-aged cause of action, trespass to chattels has been applied in the context of the internet. In *CompuServe, Inc. v. Cyber Promotions, Inc.*, 962 F. Supp. 1015, 1022 (S.D. Ohio 1997), the court held that a "spammer" (sender of unsolicited email) could be held liable to an internet service provider for sending unsolicited emails to the provider's clients. The court found that "[e]lectronic signals generated and sent by computer" were "sufficiently physically tangible to support a trespass cause of action."*Id.* at 1021.

What *Compuserve* makes clear is that the focus of a trespass to chattel claim, although it involves something as amorphous as "the internet," must still maintain some link to a physical object

11

– in that case, a computer. *Id.* (discussing necessity of "physical contact" with the chattel); *Restatement (Second) of Torts* §217 cmt. e (defining "intermeddling" as "intentionally bringing about a *physical contact* with the chattel"). A domain name is an intangible object, much like a street address or a telephone number, which, though it may ultimately point to an approximate or precise physical location, is without physical substance, and it is therefore impossible to make "physical contact" with it. Universal's only hope of succeeding on its trespass to chattels claim, therefore, rests on its ability to show a link to a physical object. *See, e.g., Inventory Locator Service, LLC v. Partsbase, Inc.*, 2005 WL 2179185, at *11-12 (W.D. Tenn.) (finding that, under Florida law, trespass to chattel claim "must involve movable personal property"); *see also Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (finding trespass to chattels for interference with plaintiff's computer systems rather than its website or domain name); *America Online, Inc. v. LCGM, Inc.*, 46 F.Supp.2d 444, 451-52 (E.D. Va. 1998) (same); *Green v. Green*, 221 N.E.2d 388, 394 (Ohio Prob. 1966) ("chattel" limited to property that is visible, tangible and movable). In this case, the only such physical object is the computer [or computers] hosting Universal's website.

To make a claim for trespass, one must have a possessory interest in the property in question. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302-03 (6th Cir. 2005) (analyzing Ohio law of trespass); *State v. Lilly*, 87 Ohio St.3d 97, 102-03 (1999) (same); *Restatement (Second) of Torts* §217 (trespass to chattel occurs through either through "dispossession" of chattel or intermeddling with chattel "in the possession of another"). Universal represented that it entered into a contract with a third party to host the utube.com website on the third party's computers. Universal therefore has not alleged that it has a possessory interest in the host's computers, and no inference can be drawn from its allegations that Universal has a possessory interest.

Universal's claim for trespass to chattels also fails because YouTube did not make physical contact with the computers hosting the website. In *Compuserve*, the defendant trespasser clearly initiated contact. In this case, those making contact with Universal's website were thousands of mistaken visitors, but not YouTube itself.

Section 217 of the Restatement (Second) of Torts (which is followed in Ohio) discusses indirect physical contact ("intermeddling"):

> "Intermeddling" means intentionally bringing about a physical contact with the chattel. The actor may commit a trespass by an act which brings him into an intended physical contact with a chattel in the possession of another, as when he beats another's horse or dog, or by intentionally directing an object or missile against it, as when the actor throws a stone at another's automobile or intentionally drives his own car against it. So too, *a trespass may be committed by causing a third person through duress or fraud to intermeddle with another's chattel*.

[Emphasis supplied].

Presumably, the Restatement creates exceptions for duress and fraud because, in those circumstances, the one making physical contact is deprived of accurate information or free will and becomes the mere instrumentality of another – the trespasser.

Neither concept applies here. Universal makes no allegations whatsoever of duress or fraud as to visitors who mistakenly access its website. Thus, it cannot argue that YouTube intermeddled with the site. Web visitors who arrived at utube.com may have been mistaken, and YouTube may have realized that many made the same mistake; but Universal makes no allegations that site visitors were coerced or defrauded by YouTube. Universal's claim for trespass to chattel must be dismissed.

**4. Nuisance**

Universal alleges that YouTube operates a site that is "adjacent" to utube.com on the internet. Plaintiff asserts that YouTube's allegedly "lewd, indecent, lascivious, copyright-infringing,

pornographic or obscene" videos "wrongfully interfere[] with or annoy[] plaintiff in the enjoyment of its legal rights," and that such actions constitute a nuisance.

YouTube moves to dismiss the nuisance claim on the grounds that nuisance is limited to interferences with land. Universal contends that, under Ohio law, private nuisance claims are not limited to interferences with land.

Universal cites only one case, *Taylor v. City of Cincinnati*, 143 Ohio St 426, 431 (1944), in support of its contention. Plaintiff's use of language from *Taylor*, however, is taken out of context. That case, which determined whether a tree on the city's property constituted a nuisance with regard to an adjacent public road, undoubtedly involved an interference with land.

The Restatement (Second) of Torts §821D and other cases clearly state that nuisance involves interference with "the private use and enjoyment of *land*." (emphasis supplied); *see*, *e.g.*, *Nuckols v. National Heat Exch. Cleaning Corp.*, 2000 U.S. Dist. LEXIS 18693, *19 (N.D. Ohio).

Universal has provided virtually no legal support for its contention that a private nuisance can exist when no land is involved. Nor has Universal shown any support for the proposition that a domain name, a website, or a computer that hosts a website somehow constitutes real property. There being no such support or other basis for its nuisance claim, that claim will be dismissed.

### 5. Negligence

YouTube moves to dismiss Universal's claim for negligence on the grounds that the allegations are conclusory and that Universal has not specified how or why a duty of care arises, or of what that duty may consist.

To prevail on a claim for negligence, a plaintiff must show that "defendant owed plaintiff a duty of care; defendant breached that duty of care; and plaintiff's injury was proximately caused

by defendant's breach." *MCI Worldcom Network Servs. v. W. M. Brode Co.*, 411 F. Supp. 2d 804, 809 (N.D. Ohio 2006). Such duty often arises by statute or ordinance, but it may also arise from the common law. *Stark County Agricultural Society v. Brenner*, 122 Ohio St. 560, 566-67 (1930), *overruled on other grounds Meyer v. Cincinnati Street Ry. Co.*, 157 Ohio St. 38 (1952).

YouTube criticizes Universal for merely reciting the elements of a negligence claim, a characterization that is mostly accurate. In addition to its recitation of the elements, Universal refers generally to all preceding sections of its complaint, including the "Factual Background" that contains more specific allegations. Universal, however, leaves it to YouTube to sift through the numerous general factual allegations to determine the basis of Universal's nebulous negligence claim.

Unlike other portions of its complaint, in which Universal gives at least some basis for its claims, or where the basis for such claims is self-evident on perusal of the general factual allegations, YouTube has little notice of the basis for Universal's generalized allegations of negligence. Pleading a cause of action in federal court "require[s] more than the bare assertion of legal conclusions." *Empire Home Services, L.L.C. v. Empire Iron Works, Inc.*, 2006 WL 2269507, *4 (E.D. Mich.) (citing *Anderson v. Ohio*, 104 F.3d 803, 806 (6th Cir.1997)). Universal's claim for negligence will be dismissed.

### 6. Deceptive Trade Practices Act O.R.C. § 4165.02

YouTube seeks dismissal of Universal's claim under the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.02, on the same grounds that it seeks to dismiss Universal's claim for violation of the Lanham Act. YouTube's motion to dismiss this claim shall therefore be denied for the reasons stated in the discussion, *infra*, of Universal's Lanham Act claim for unfair competition.

**7. Ohio RICO Claim Against Chad Hurley and Steve Chen**

Universal alleges that Chad Hurley and Steve Chen, through YouTube, engaged in a pattern of copyright infringement that violates Ohio's RICO statute, O.R.C. § 2923.32. Universal requests a civil remedy under that statute. Among other challenges to this claim, the individual defendants assert that this court does not have personal jurisdiction over them. YouTube also argues that Universal has failed to allege corrupt acts by Hurley and Chen as individuals rather than as leaders of the corporation, and that their conduct therefore falls outside the statute.

Ohio's RICO statute states that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity." O.R.C. § 2923.32. Civil remedies are available for those injured through a violation of the statute. O. R.C. § 2923.34.

Universal argues that it need not allege specific actions by Hurley and Chen to plead a valid RICO claim against them. According to Universal, it need only allege: 1) YouTube engages in criminal acts such as copyright infringement, and 2) Hurley and Chen are officers of the company. YouTube, on the other hand, argues that Hurley and Chen must themselves engage in a "pattern of corrupt activity" through their involvement in the "affairs of the enterprise" to be liable under RICO..

With regard to personal jurisdiction over corporate officers, Ohio courts employ the "fiduciary shield doctrine," whereby an individual's status as an officer of a company does not subject him or her to personal jurisdiction suit in Ohio's courts for acts performed solely in their official capacities. *Walker v. Concoby*, 79 F. Supp. 2d 827, 834 (N.D. Ohio 1999); *United States v. Flack*, 1997 WL 187373, *4 (S.D. Ohio) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th

Cir. 1974)). Universal points out, however, that some courts have held that the fiduciary shield doctrine does not protect persons against RICO claims, since a RICO claim is an action against an individual, not against a corporation or enterprise. *See*, *e.g.*, *Nordic Bank PLC v. Trend Group, Ltd.*, 619 F.Supp. 542, 569 n.30 (S.D.N.Y. 1985).

Examining the RICO construction issue and the personal jurisdiction issue side by side, Universal's contradictory stance becomes apparent. With regard to stating a claim under RICO, Universal argues that it need not allege any specific individual acts of defendants Hurley and Chen. At the same time, with regard to personal jurisdiction, Universal argues that RICO is ultimately based on liability for the acts of those individuals.

Unless and until Universal can allege specific actions of Hurley and Chen that submitted them to personal jurisdiction, other than their merely being officers of a corporation that is subject to such jurisdiction, this court has no power to hear the RICO claim against them as a result of the fiduciary shield doctrine.

Assuming, *arguendo*, that this court has personal jurisdiction over Hurley and Chen, Universal still has failed to plead an adequate RICO claim. To state a claim, a RICO plaintiff must allege that Hurley and Chen committed, as part of their association with the company, some acts individually that involved a "pattern of corrupt activity." O.R.C. § 2923.32. Universal has not done so.

Both the Ohio and federal RICO statutes require proof "'that each defendant was voluntarily connected to that pattern [of corrupt activity] and performed at least two acts in furtherance of it." *State v. Schlosser*, 79 Ohio St.3d 329, 334 (1997) (quoting *United States v. Palmeri*, 630 F.2d 192, 203 (3d Cir. 1980)); *see also*, *e.g.*, *United States v. Busacca*, 936 F.2d 232, 238-39 (6th Cir. 1991)

(chairman of board of trustees of pension fund found to violate federal RICO statute for pattern of embezzling from the fund).[1]

Universal has alleged that defendants Hurley and Chen "participated in the affairs" of the enterprise merely by noting their positions as CEO and CTO. Such designation does not constitute an allegation, as required by Ohio's RICO statutes, that each defendant committed "two or more specifically prohibited state or federal criminal offenses." *Id*. Nor can it be implied or inferred from the complaint of what these predicate acts may consist, leaving defendants insufficient notice of the substance behind the claims against them.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT

1. YouTube's motion to dismiss Universal's second amended complaint, and the same is hereby granted, without prejudice, with respect to Universal's

    a. Second Claim for Relief (Cancellation of YouTube's Trademark Applications);

    b. Fourth Claim for Relief (Trespass to Chattels);

    c. Fifth Claim for Relief (Nuisance);

    d. Sixth Claim for Relief (Negligence); and

    e. Eighth Claim for Relief (Violation of Ohio's RICO Act).

---

[1] The elements of an Ohio RICO claim are: "1) that conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses; 2) that the prohibited criminal conduct of the defendant constitutes a pattern of corrupt activity; and 3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise." *Kondrat v. Morris*, 118 Ohio App.3d 198, 209 (8th Dist. 1997) (citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 291 (8th Dist. 1993)).

2. YouTube's motion to dismiss Universal's second amended complaint, and the same is hereby denied with respect to Universal's:

    a. First Claim for Relief (Unfair Competition);

    b. Third Claim for Relief (Dilution Under Ohio Law); and

    c. Seventh Claim for Relief (Deceptive Trade Practices).

So ordered.

                                            s/James G. Carr
                                            James G. Carr
                                            Chief Judge