IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL TUBE & ROLLFORM EQUIPMENT CORPORATION, | Case No. 06-2628 |
| Plaintiff, | **DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** |
| v. | **DEMAND FOR JURY TRIAL** |
| YOUTUBE, INC., CHAD HURLEY, and STEVE CHEN | |
| Defendants. | Judge:      James G. Carr |

Defendant YouTube, Inc.[1] answers Plaintiff Universal Tube & Rollform

Equipment Corporation's ("Universal") Second Amended Complaint as follows:

## I.  ANSWER

### INTRODUCTION

1.      YouTube denies that it has violated Universal's legal rights by any illegal acts.

YouTube further denies that any alleged illegal acts have resulted in the direction of millions of

nuisance internet visitors to the Universal's utube.com website.  YouTube is without sufficient

knowledge or information to admit or deny the remaining allegations in this paragraph.

2.      YouTube admits that it officially launched its services in December 2005.

YouTube denies the remaining allegations in this paragraph.

3.      YouTube admits that Universal seeks preliminary and permanent injunctions, the

transfer of the youtube.com domain to Universal, damages, costs and attorney's fees as

---

[1]  The Court has dismissed the Ohio RICO claim against Chad Hurley and Steve Chen.  Thus,

DocketsJustia.com

authorized by the Lanham Act and Ohio law.  YouTube denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

## THE PARTIES

8.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

9.     YouTube admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of California.  YouTube was founded February 2005, and filed for incorporation in October 12, 2005.

10.     Admitted

11.     Admitted

## FACTUAL BACKGROUND

12.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

13.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

14.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

15.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

16.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

17.     YouTube is without sufficient knowledge or information to admit or deny the

---

YouTube, Inc. is the only remaining defendant.  *See* Order (June 4, 2007) (Dkt #24).

allegations in this paragraph.

18.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

19.     Admitted.

20.     YouTube admits that it incorporated in Delaware in October 2005, and that it had its official public release in December 2005.  YouTube denies the remaining allegations and characterizations in this paragraph.

21.     YouTube admits that its website is based on "user-generated content."  YouTube denies the remaining allegations and characterizations in this paragraph.

22.     Denied.

23.     Admitted.

24.     To the extent this conclusory allegation requires a response, denied.

25.     YouTube admits that it takes down content in response to a take down notice from the copyright holder.  YouTube denies the remaining allegations and characterizations in this paragraph.

26.     YouTube admits that its website allows people to watch and share videos worldwide through the internet.  YouTube denies the remaining allegations and characterizations in this paragraph.

27.     Denied.

28.     Denied.

29.     Denied.

30.     YouTube admits that it has grown into the leading video entertainment destination on the internet.  YouTube denies the remaining allegations and characterizations in this paragraph.

31.     Denied.

32.     Denied.

33.     Admitted.

34.     YouTube admits that in October 2006 it removed almost 30,000 videos after

receiving a complaint from Japanese media companies over copyright infringement. YouTube denies the remaining allegations and characterizations in this paragraph.

35.     Denied.

36.     Denied.

37.     YouTube admits that it was sued by Robert Tur for copyright infringement. YouTube denies the remaining allegations and characterizations in this paragraph.

38.     YouTube admits that NBC demand that YouTube remove Saturday Night Live's "Lazy Sunday: Chronicles of Narnia" video. YouTube denies the remaining allegations and characterizations in this paragraph.

39.     YouTube admits that Viacom requested that YouTube remove videos by comedians Jon Stewart and Stephen Colbert. YouTube denies the remaining allegations and characterizations in this paragraph.

40.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

41.     Denied.

42.     YouTube admits that's on or about October 10, 2006, Google announced that it intended to acquire YouTube for $1.65 billion in stock. YouTube denies the remaining allegations and characterizations in this paragraph.

43.     YouTube denies that visitors mistakenly arrive at Universal's website as a result of confusion as to the source of Universal's and YouTube's services caused by the web addresses utube.com and youtube.com. YouTube is without sufficient knowledge or information to admit or deny the remaining allegations and characterizations in this paragraph.

44.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

45.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

46.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

47.    YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

48.    YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

49.    YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

50.    YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

51.    YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

52.    YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

53.    Denied.


## FIRST CLAIM FOR RELIEF

### (Unfair Competition – 15 U.S.C. § 1125(a))

54.    This paragraph does not require a response.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

## SECOND CLAIM FOR RELIEF

### (Cancellation of YouTube's Trademark Applications)

CLAIM DISMISSED[2]


## THIRD CLAIM FOR RELIEF

### (Dilution under Ohio Law)

69.     This paragraph does not require a response.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     YouTube is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

77.     Denied.


## FOURTH CLAIM FOR RELIEF

### (Trespass to Chattels)

CLAIM DISMISSED[3]


## FIFTH CLAIM FOR RELIEF

### (Nuisance)

CLAIM DISMISSED[4]

---

[2]  The Court dismissed Universal Second Claim for Relief.  *See id.*

[3]  The Court dismissed Universal Fourth Claim for Relief.  *See id.*

[4]  The Court dismissed Universal Fifth Claim for Relief.  *See id.*

## SIXTH CLAIM FOR RELIEF

### (Negligence)

CLAIM DISMISSED[5]


## SEVENTH CLAIM FOR RELIEF

### (Deceptive Trade Practices Act R.C. 4165.02)

98.     This paragraph does not require a response.

99.     Denied.

100.    Admitted.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.


## EIGHTH CLAIM FOR RELIEF

### (Violation of Ohio RICO R.C. 2923.32 by Chad Hurley and Steve Chen)

CLAIM DISMISSED[6]


## II.  AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Universal's First, Third, and Seventh Claims for Relief fail to state a claim upon which relief can be granted.

2.     Universal has not acquired trademark rights to the terms "UTUBE", "utube", or "utube.com".

---

[5]  The Court dismissed Universal Sixth Claim for Relief.  *See id.*

[6]  The Court dismissed Universal Eighth Claim for Relief.  *See id.*

3.      Universal has not used the terms "UTUBE", "utube," or "utube.com" as a trademark.

4.      YouTube's use of the "YouTube" is not likely to cause, and has not caused, consumer confusion as to the origin of any goods or services.

5.      YouTube's use of the mark "YouTube" is not likely to dilute the marks "UTUBE", "utube", or "utube.com".

6.      Universal has not been damaged in any amount, manner, or at all by reason of any act alleged against YouTube and therefore the relief prayed for cannot be granted.

7.      Universal has actually profited from any undesired web traffic.

8.      Universal is not entitled to injunctive relief.

9.      Universal is not entitled to attorneys' fees and costs.

## SECOND AFFIRMATIVE DEFENSE

### (No damages)

10.      Universal has not been damaged in any amount or manner by reason of any act alleged against YouTube.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

11.      Universal's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

12.      Universal's claims are barred, in whole of in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13.      Universal's claims are barred, in whole or in part, by the doctrine of unclean

hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Other Defenses)

14.     YouTube has insufficient knowledge or information upon which to form a basis
as to whether it may have additional, as yet unstated, separate defenses available, and
accordingly reserves the right to amend this answer to add, delete, supplement, or modify these
defenses based upon legal theories that may be or will be divulged through clarification of
Universal's complaint, through discovery, or through further legal analysis of Universal's
position in this litigation.

## III.  COUNTERCLAIMS

For its counterclaims against Universal, YouTube alleges as follows:

### PARTIES

1.     Counterclaim-plaintiff YouTube, Inc. ("YouTube") is a corporation organized and
existing under the laws of the state of Delaware, with its principal place of business in California.

2.     Upon information and belief, counterclaim-defendant Universal Tube & Rollform
Equipment Corporation ("Universal") is a corporation organized and existing under the laws of
the state of Ohio, with its principal place of business in Perrysburg, Ohio.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the counterclaims pursuant to 28
U.S.C. §§ 1331 (Federal Question) and 1338 (Trademark Disputes); and 15 U.S.C. §§ 1121
(Trademark Disputes) and 1116 (Injunctive Relief).

4.     This Court has supplemental jurisdiction over the additional causes of action
pursuant to 28 U.S.C. § 1367 as claims so related to other issues in the action that they form part
of the same case or controversy.

5.     Universal is subject to personal jurisdiction in this District.  Among other
activities, Universal sells used tube, pipe, and rollform machinery from its principal place of

397111.04

business in Perrysburg, Ohio. In addition, Universal purposefully availed itself of the jurisdiction of this Court by filing the lawsuit to which these counterclaims relate.

6.      Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

7.      YouTube has been and now is engaged in operating a service for watching and sharing videos. People can watch, upload, and share original videos worldwide through websites, mobile devices, blogs, and email. YouTube provides a related online search service.

8.      YouTube registered the domain name youtube.com on February 15, 2005.

9.      Since February 2005, YouTube has offered and marketed its service under the trademark "YouTube".

10.     YouTube's service has been widely advertised and extensively offered under this trademark throughout the United States.

11.     Through widespread and favorable public acceptance and recognition, the trademark "YouTube" has become one of the most widely recognizable and valuable trademarks in the United States, identifying counterclaim-plaintiff YouTube, its quality products and services, and the good will associated therewith.

12.     On January 30, 2006, YouTube filed a trademark application with the U.S. Patent and Trademark Office to register the mark "YouTube".

13.     On October 18, 2006, Universal filed a trademark application with the U.S. Patent and Trademark Office to register "utube" as a mark.

14.     Upon information and belief, Universal did not use either "utube" or "utube.com" in any way, other than as the URL "utube.com," until after YouTube had launched its service.

15.     More specifically, upon information and belief, the first time Universal used either "utube" or "utube.com" in the text of its website was in April, 2006. At that time, Universal added a graphic to its website displaying "utube" in lowercase letters, and also added statement "Welcome to UTUBE.com."

16.     Upon information and belief, the April, 2006 change to Universal's website was

10

the first time Universal had used either "utube" or "utube.com" in any way other than as a URL.

17.     Upon information and belief, Universal again changed its website in approximately November 2006. At that time, Universal added the statement "The Original Tube and Pipe Machinery Site, UTUBE™" to its website. It also added an online search service at the top of the website, adjacent to a newly added graphic displaying "utube" in lowercase letters.

18.     Universal earns revenue from hosting an online search service designated "utube" on its website.

19.     Universal's president, Ralph Girkins, has stated that the revenue derived from hosting its online search service "more than covers the costs for hosting" its website utube.com.

20.     Universal's website utube.com receives visits from internet users looking for YouTube's website youtube.com.

21.     Visitors looking for YouTube that type the term "YouTube" into the search bar on Universal's website utube.com are directed to a webpage entitled "Top Search Results for youtube at uTube.com". That webpage displays multiple graphics with "utube" in lowercase letters.

22.     For example, on June 14 and 15, 2007, the following were among the search results and hyperlinks listed in response to entering the term "youtube" into the search bar at utube.com::

      a.     "<u>youtube</u>
          Shop and compare deals on youtube at MonsterMarketplace"

      b.     "<u>Looking For youtube</u>
          Find youtube and more at Lycos Search. No clutter, just answers. Lycos --
          Go Get It!".

      c.     "<u>Find youtube</u>
          Helpful Links for youtube"

23.     On June 14 and 15, 2007, clicking on the search result link for "<u>youtube </u>Shop and compare deals on youtube at MonsterMarketplace" brought up various online video sharing links on . These included links to www.justmaxcastit.com, www.phanfare.com, www.motionbox.com, multiply.com, and www.zannel.com. These services are all competitors of YouTube's in the field of online video sharing.

24.     On June 14 and 15, 2007, clicking on the search result link for "Looking For youtube Find youtube and more at Lycos Search. No clutter, just answers. Lycos -- Go Get It!" led to a webpage titled "Lycos Search Results: results for youtube".  Lycos is a direct competitor of Google, YouTube's parent company, in the field of online search engines.

25.     On June 14 and 15, 2007, clicking on the search result link for "Find youtube Helpful Links for youtube" led to a website for the search site Toseeka.  Toseeka is a competitor of Google, YouTube's parent company, in the field of online search engines.

26.     On June 14 and 15, 2007, entering the term "youtube" into the search bar at utube.com also brought up, among others, an advertisement link for "youtube  Awesome! Are you looking for youtube too? This site totally has the best youtube stuff Ive seen on the web! You gotta check this out".

27.     On June 14 and 15, 2007, clicking on the advertisement for ""youtube  Awesome! Are you looking for youtube too? This site totally has the best youtube stuff Ive seen on the web! You gotta check this out" led to a webpage titled "Lycos Search Results: results for youtube". Lycos is a direct competitor of Google, YouTube's parent company, in the field of online search engines.

28.     Upon information and belief, some of Universal's revenue comes from internet users who type the search term "youtube" into the search bar on its website utube.com.  Those revenues are derived from search results and advertisements that use the YouTube mark trade name, linking to competitors of YouTube and its parent company, Google, Inc., rather than YouTube itself.


**FIRST CLAIM FOR RELIEF**

**(Federal Unfair Competition)**

29.     YouTube repeats and incorporates by reference paragraphs 1 through 28.

30.     As a direct result of YouTube's longstanding use of the mark "YouTube" in interstate commerce, it has acquired trademark rights to the mark "YouTube".

31.     Since approximately February 2005, YouTube has offered an online search

service on its website youtube.com.

32.     On information and belief, before approximately November 2006, Universal's website utube.com was used primarily to provide information about and sell used tube, pipe and rollform machinery.

33.     On information and belief, in approximately November 2006, Universal modified its website utube.com to include an online search service.

34.     Universal's online search service is designated "utube".

35.     YouTube provided its online search service approximately one and a half years prior to Universal providing its online search service.

36.     Universal's use of the term "utube" as a mark to designate its online search service is likely to cause, and has caused, confusion, mistake, and deception among consumers as to the source, sponsorship, approval, or certification of its good or services.

37.     Universal's use of the term "utube" as a mark to designate its online search service is likely to cause, and has caused, confusion or misunderstanding among internet users as to affiliation, connection, or association with, or certification by YouTube.

38.     Universal's use of the term "utube" as a mark constitutes a false designation of origin, a false description, or a false representation that wrongly and falsely designates Universal's goods and services as emanating from or connected with YouTube, or that such goods and services have been sponsored or approved by YouTube.

39.     Universal has obtained gains, profits, and advantages as a result of its willful infringing uses of the terms "UTUBE", "utube", and "utube.com" as a mark.

40.     Universal's acts are in violation of 15 U.S.C. §§ 1125(a).

41.     As a direct and proximate result of Universal's actions, YouTube has been damaged in an amount to be proved at trial.  YouTube is entitled to recovery of Universal's profits derived from revenue obtained through its infringing uses of the terms "UTUBE", "utube", and "utube.com" as a mark.  YouTube is also entitled to actual damages and, according to the circumstances of this case, up to three times the amount of those actual damages. YouTube further seeks injunctive relief as well as attorney's fees and the costs of this action.

13

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Dilution)

42.    YouTube repeats and incorporates by reference paragraphs 1 through 41.

43.    "YouTube" is a famous mark in the United States.

44.    "YouTube" is a well-recognized mark in the United States.

45.    Universal began using the terms "UTUBE", "utube", and "utube.com" as marks only after the "YouTube" mark became famous.

46.    Universal's use of the terms "UTUBE", "utube", and "utube.com" as marks causes dilution of the distinctive quality of the "YouTube" mark.

47.    In adopting "utube" to designate its online search service and other offerings, Universal willfully intended to trade on YouTube's reputation or to cause dilution of the famous mark "YouTube".

48.    Universal's acts are in violation of 15 U.S.C. §§ 1125(c).

49.    As a direct and proximate result of Universal's actions, YouTube has been damaged in an amount to be proved at trial.  YouTube is entitled to recovery of Universal's profits derived from revenue obtained through its infringing use of the terms "UTUBE", "utube", and "utube.com".  YouTube is also entitled to actual damages and, according to the circumstances of this case, up to three times the amount of those actual damages.  YouTube further seeks injunctive relief as well as attorney's fees and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Ohio Deceptive Trade Practices Act)

50.    YouTube repeats and incorporates by reference paragraphs 1 through 49.

51.    "YouTube" is a "mark", "service mark", "trademark", and "trade name" pursuant to R.C. § 4165.01(C), (E), (F), and (G).

52.    Universal is a "person" pursuant to R.C. § 4165.01(D).

53.    Universal's use of the term "utube" as a mark to designate its online search

service is likely to cause, and has caused, confusion, mistake, and deception among consumers as to the source, sponsorship, approval, or certification of its good or services.

54.     Universal's use of the term "utube" as a mark to designate its online search service is likely to cause, and has caused, confusion or misunderstanding among internet users as to affiliation, connection, or association with, or certification by YouTube.

55.     Universal has obtained gains, profits, and advantages as a result of its infringing uses of the term "utube" as a mark.

56.     Universal's actions constitute a violation of Ohio Deceptive Trade Practices Act, R.C. § 4165.02.

57.     As a direct and proximate result of Universal's actions, YouTube has been damaged in an amount to be proved at trial and is entitled to recovery of YouTube's profits, actual damages, and punitive damages.  YouTube further seeks injunctive relief as well as attorney's fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Dilution under Ohio Law)

58.     YouTube repeats and incorporates by reference paragraphs 1 through 57.

59.     The "YouTube" mark is famous, distinctive, and strong.

60.     Universal has used and does use the terms "UTUBE", "utube", and "utube.com" as marks for commercial use in commerce.

61.     Universal's use of the terms "UTUBE", "utube", and "utube.com" as marks began after YouTube's mark "YouTube" became famous.

62.     Universal's use of the terms "UTUBE", "utube", and "utube.com" as marks operates to whittle away and disperse in the mind of the public the unique identity of the "YouTube" mark.

63.     Universal's use of the term "utube" as a mark to designate an online search service has diluted the strength of the "YouTube" mark by blurring and diminishment.

64.     Universal's use also of the term "utube" as a mark to designate an online search

service dilutes YouTube's mark through tarnishment since Universal provides only a poor and limited online search service on its website.

65.     Universal's actions have appropriated and exploited the "YouTube" mark.

66.     YouTube has no desire to be confused with Universal and its used tube, pipe and rollform machinery or poor internet search service

67.     As a direct and proximate result of Universal's actions, YouTube has been damaged in an amount to be proved at trial and is entitled to recovery of YouTube's profits, actual damages, and punitive damages.  YouTube further seeks injunctive relief as well as attorney's fees and the costs of this action.

## IV.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), YouTube demands a trial by jury of all issues so triable in this action, including without limitation, those issues raised in the Complaint, Answer, Affirmative Defenses, and Counterclaims.

## V.  PRAYER FOR RELIEF

WHEREFORE, YouTube prays for an entry of judgment against Universal as follows:

1.     Dismissing with prejudice every claim contained in Universal's Second Amended Complaint, and denying Universal its requested relief.

2.     Preliminary and permanent injunctive relief restraining Universal, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

   a.     Using the terms "UTUBE", "utube", or "utube.com" or any confusingly similar designation alone or in combination with other words, as a trademark, trade name component, or otherwise, to market, advertise or identify Universal's online search service or related products;

   b.     engaging in any other activity constituting unfair competition with YouTube, or constituting an infringement of any of YouTube's trademarks;

16

    c.      causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of YouTube's symbols, labels, or forms of advertisement;

    d.      engaging in any other activity constituting any dilution of any of YouTube's marks, or good will;

    e.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (d);

    f.      aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon YouTube's trademarks; and

    g.      using or continuing to use the terms "utube" and "utube.com" or any variation thereof in connection with goods or services first provided by YouTube, such as, for example, internet search services and internet video sharing.

3.      Directing that Universal show its compliance with the above by serving YouTube with a sworn statement within thirty days after service of an injunction setting forth in detail the manner in which Universal has complied with this injunction pursuant to 15 U.S.C. § 1116(a) and 15 U.S.C. § 1118.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured or services rendered, sold, or otherwise circulated or promoted by Universal are authorized by YouTube or related in any way to YouTube's products and services.

5.      That YouTube be awarded Universal's profits derived from revenue obtained through its infringing uses of the terms "UTUBE", "utube", and "utube.com".

6.      That YouTube be awarded from Universal its actual damages.

7.      That YouTube be awarded from Universal three times its actual damages, and such amounts required to conduct reparative advertising as may be needed.

8.      That the Court declare this case exceptional.

9.      That YouTube be awarded its reasonable attorneys' fees.

397111.04

10.     Ordering that, pursuant to 11 U.S.C. § 523(a)(6), Universal be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to YouTube.

11.     That this Court retain jurisdiction of this action for the purpose of enabling YouTube to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

12.     That YouTube be awarded exemplary damages for Universal's willful and intentional acts.

13.     That YouTube be awarded its costs in bringing this action.

14.     That YouTube have such other and further relief that this Court deems just.


Dated:  June 18, 2007                               Respectfully Submitted

                                        By:___/s/ Matthias A. Kamber_____
                                            HARRY D. CORNETT, JR. - #13179
                                            CAROLYN C. RUSSELL - #73549
                                            Tucker Ellis & West LLP
                                            1150 Huntington Building
                                            925 Euclid Avenue
                                            Cleveland, OH 44115-1475
                                            Telephone:  216/696-2618
                                            Facsimile:  216/592-5009

                                            MICHAEL H. PAGE
                                            MARK A. LEMLEY
                                            MATTHIAS A. KAMBER
                                            Keker & Van Nest, LLP
                                            710 Sansome St.
                                            San Francisco, CA 94111
                                            Telephone:  415/391-5400
                                            Facsimile:  415/397-7188

                                            *Attorneys for Defendant YouTube, Inc.*

397111.04

**Certificate of Service**

I hereby certify that on **June 18, 2007**, a copy of foregoing **DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

/s/ Matthias A. Kamber
MATTHIAS A. KAMBER
Keker & Van Nest LLP
710 Sansome St
San Francisco, CA, 94111
Phone: (415) 391-5400
Fax: (415) 397-7188
E-mail: mkamber@kvn.com

397111.04